UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TETRA TECHNOLOGIES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-3736** |
| **LOUISIANA FRUIT COMPANY** | **SECTION: I/5** |

### ORDER

The Court has received the motion for new trial or for rehearing filed by plaintiff, Tetra Technologies, Inc. As plaintiff is, essentially, requesting that the Court reexamine its final order granting defendant's motion to dismiss and disposing of this action prior to trial, the Court will construe plaintiff's motion as a motion to alter or amend a judgment pursuant to Rule 59(e). *Patin v. Allied Signal*, 77 F.3d 782, 785 n.1 (5th Cir. 1996); *Jones v. W. Geophysical Co.*, 669 F.2d 280, 282 n.1 (5th Cir. 1982). Such a motion must be filed within ten days of the district court's judgment. *See Blanchard & Co. v. Barrick Corp.*, No. 02-3721, 2003 U.S. Dist. LEXIS 20076, at *3 n.1 (E.D. La. Nov. 3, 2003) (Berrigan, C.J.) ("A motion filed pursuant to Rule 59(e) requires a filing within ten (10) business days of the dispositive motion which the party seeks to have reconsidered . . . ."). This Court's previous ruling was entered on January 5, 2007; the instant motion was filed on January 16, 2007. According to Rule 4(a), plaintiff's motion falls within the applicable time period and will be analyzed pursuant to Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for

rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).  A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under" Rule 59(e). *Lavespere*, 910 F.2d 167, 174 (5th Cir. 1990).  There are considerations that limit this discretion, however:  (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all the facts.  *Id.* (citations omitted).

"Generally, there are four grounds upon which a Rule 59(e) motion can be granted:  (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, No. 99-2112, 2002 U.S. Dist. LEXIS 10400, at *4 (E.D. La. Jun. 5, 2002) (Duval, J.) (citations omitted).  After reviewing plaintiff's motion, the opposition filed by defendant, Louisiana Fruit Company, and the legal basis for the Court's previous order of January 5, 2007, granting the motion to dismiss filed by defendant and dismissing plaintiff's action with prejudice, the Court finds plaintiff's arguments are without merit.

Plaintiff's contentions regarding the perceived ambiguity of the lease language and its bearing on the termination of the lease merely rehash arguments presented with plaintiff's initial opposition to defendant's motion to dismiss.  Plaintiff has not shown that the Court committed any manifest error of law or fact.  Nor has plaintiff offered any evidence, beyond mere

conclusory allegations, to support its argument that the Court improperly applied the Rule 12(b)(6) standard of law.  In addition, plaintiff includes several arguments that were not included in its original opposition, including its argument that the bulkhead at issue in the case was a component of the leased premises.[1]  To the extent that plaintiff would have included this argument with its original opposition, the Court finds it without merit.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for new trial or for rehearing[2] is **DENIED**.

New Orleans, Louisiana, March     8th   , 2007.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[1] "The parties did not brief that issue because not even La. Fruit contended that it was possible or arguable that the bulkhead was not a component of the immoveable or leasehold improvement, or that the bulkhead was within the lessee's repair obligation, but not within the scope of the leased premises."  Rec. Doc. No. 25-2, p. 8.

[2] Rec. Doc. No. 25.